UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LOUIE PAEZ, III, | CV F   02 5561 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; MOTION TO DROP DEFENDANT ANDREWS (Doc. 43.) |
| STEVEN CAMBRA, JR., et. al., | |
| Defendants. | |

**I.  PROCEDURAL HISTORY**

Joseph Louie Paez, III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The instant action was filed on May 14, 2002. On June 5, 2002, the Court dismissed the Complaint with leave to amend. Plaintiff filed a First Amended Complaint on October 28, 2002. The Court dismissed this Complaint on January 10, 2003, with leave to amend. After an extension of time, Plaintiff filed a Second Amended Complaint on May 27, 2003. On October 27, 2003, the Court found that the Second Amended Complaint stated a cognizable Eighth Amendment claim based on the deprivation of hygiene materials, a cognizable due process

1

violation, self incrimination, and ex post facto clause claim.  However Plaintiff did not state a cognizable deprivation of recreation claim.  The Court granted Plaintiff the opportunity of filing a Third Amended Complaint or proceeding immediately on the claims found cognizable.

On December 3, 2003, Plaintiff notified the Court of his intent to proceed on the cognizable claims found in the Court's October 27, 2003, order.  Thus, on May 11, 2004, the Court issued Findings and Recommendations that the recreation claim be dismissed from the action.  The Court also forwarded the appropriate documentation to Plaintiff for service.  On June 23, 2004, the District Court adopted the Findings and Recommendations in full and the recreation claim was dismissed from the action.

On October 13, 2004, Defendants filed the instant Motion to Dismiss alleging Plaintiff failed to exhaust his administrative remedies.  Defendants also moved to have Defendant Andrews "dropped" from the action on the basis that the claims against him are allegedly not properly joined.

Plaintiff filed his Opposition to the Motion to Dismiss on December 20, 2004.

## II. MOTION TO DISMISS - EXHAUSTION

### *A. Standard of Review*

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5).  Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Plaintiff may not exhaust while the suit is pending.

1  McKinney, 311 F.3d at 1199-1201.

2  The California Department of Corrections has an administrative grievance system for
3  prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the
4  department's jurisdiction may appeal any departmental decision, action, condition, or policy
5  which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at
6  3084.1(a). Four levels of appeal are involved, including the informal level, first formal level,
7  second formal level, and third formal level, also known as the "Director's Level." Cal. Code
8  Regs. tit 15, § 3084.5 (2004).

9  Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
10 defense under which defendants have the burden of raising and proving the absence of
11 exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust
12 nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule
13 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (*citing* Ritza v.
14 Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per*
15 *curiam*)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the
16 court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at
17 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies,
18 the proper remedy is dismissal without prejudice. Id.

19  ***B. Analysis***

20  Defendants argue that they are entitled to dismissal of this action because Plaintiff failed
21 to exhaust the available administrative remedies. In support of their Motion, Defendants submit
22 evidence that Plaintiff did not file any appeals grieving the claims in this action at the Director's
23 Level of review. (Exh. B [Grannis Declaration at ¶ 4], Motion to Dismiss.)

24  The Court rejects Defendants' argument that Plaintiff failed to exhaust because there is
25 no record of a Director's Level decision concerning the conditions of the SHU. A Director's
26 Level decision is not always necessary for exhaustion to occur. In some circumstances, the
27 granting of an inmate appeal at a lower level may satisfy the exhaustion requirement. See
28 Clement v. California Dept. of Corr., No. C 00-1860 CW, 2002 WL 31050915, *5 (N.D. Cal.

3

1  Sept. 9, 2002); Brady v. Attygala, 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); Gomez
2  v. Winslow, 177 F.Supp.2d 977, 985 (N.D. Cal. Aug. 28, 2001).

3      Here, Defendants have set forth no argument, supported by evidence or otherwise, that
4  Plaintiff failed to file any inmate appeals grieving the facts at issue here at all or that Plaintiff's
5  inmate appeals were denied at a lower level, necessitating appeals to the third level.  Rather,
6  Defendants move for dismissal relying solely on their argument that there is no record that
7  Plaintiff pursued an appeal concerning his claims to the third level of review and received a
8  Director's Level decision.  Absent a showing that Plaintiff either failed to appeal at all or failed
9  to file a third-level appeal after receiving a denial at the lower level, Defendants are not entitled
10 to dismissal of this action based on plaintiff's failure to exhaust.

11     Accordingly, because Defendants failed to meet their burden as the parties moving for
12 dismissal, the Court does not reach Plaintiff's Opposition and the Motion to Dismiss must be
13 denied.

14 **III.  MOTION TO "DROP" DEFENDANT ANDREWS**

15     Defendants next move to have Defendant Andrews either dropped from the action or
16 severed as they are not properly joined to the claims against the other Defendants.

17     Rule 20(a) of the Federal Rules of Civil Procedure, allows for joinder of defendants in a
18 single action "if there is asserted against them jointly, severally, or in the alternative, any right to
19 relief in respect of or arising out of the same transaction, occurrence, or series of transactions or
20 occurrences, and if any question of law or fact common to all defendants will arise in the action."
21 "Rule 20(a) is permissive in character; joinder in situations falling within the rule's standard is
22 not required ..."  7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1652, at 395-96.
23 The purpose behind Rule 20 is to promote trial convenience through the avoidance of multiple
24 lawsuits, extra expense to the parties, and loss of time to the court and the litigants appearing
25 before it.  Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

26     This must be contrasted with Rule 21 which gives the court the power to sever and
27 proceed separately with misjoined claims in its discretion and in the interest of effective judicial
28 administration. 3A J. Moore, Moore's Federal Practice ¶ 21.03[1] at 21-6 (2d ed. 1986).  The

4

reach of Rule 21 has been extended to include cases in which unitary adjudication of the claims would result in unfairness that would not be obviated by an order for separate trials. It allows the court, in its discretion, to determine whether the benefits of consolidation will outweigh the prejudice to the individual parties. See, Garber v. Randell, 477 F.2d 711 (2nd Cir.1973); 3A J. Moore, Moore's Federal Practice ¶ 21.05 [2] at 21-45 (2d ed. 1986).

In this case, Defendants assert no prejudice from having the claim concerning the conditions of confinement in the Security Housing Unit ("SHU") against Defendant Andrews heard with the remaining claims involving Plaintiff's validation as a gang member. In addition and contrary to Defendant's assertions, the Court finds Plaintiff's allegations against Defendant Andrews sufficiently arise out of the same transaction as the remaining claims concerning his validation as a gang member. But for Plaintiff's validation as a gang member, he would not have been placed in the SHU wherein he was exposed to the conditions of confinement which he contends were violative of the Eighth Amendment. Finally, trial efficiency will not be promoted by requiring Plaintiff to bring an entirely separate action based on his confinement in the SHU as a result of his validation as a gang member. Accordingly, the request to have the Eighth Amendment claim against Defendant Andrews severed or "dropped" from the action should be denied.

## IV. CONCLUSION AND RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion to Dismiss on the basis of Exhaustion and the Motion to "drop" Defendant Andrews and the claim against him from the action be DENIED. The Court also recommends that in the event the District Court adopts these Findings and Recommendations, Defendants be required to Answer within thirty days of the date of service of that Order.

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the

1  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
3  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the
4  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
5  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
6  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
7  (9th Cir. 1991).

8  IT IS SO ORDERED.

9  **Dated:    May 27, 2005**               /s/ Lawrence J. O'Neill
   b9ed48                          UNITED STATES MAGISTRATE JUDGE