1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11 JOSEPH LOUIE PAEZ, III,              1:02-cv-05561-AWI-LJO-P

12              Plaintiff,          **ORDER ADOPTING FINDINGS AND**
                                    **RECOMMENDATIONS** (Doc. 48)
13 vs.
                                    **ORDER DENYING MOTION TO**
14 STEVEN CAMBRA, JR., et al.,       **DISMISS AND MOTION TO DROP**
                                    **DEFENDANT ANDREWS** (Doc. 43)
15              Defendants.
   _____/        **ORDER REQUIRING DEFENDANTS TO**
16                                   **RESPOND WITHIN THIRTY DAYS**

17

18      Plaintiff, Joseph Louis Paz, III ("plaintiff"), is a state

19 prisoner proceeding pro se and in forma pauperis in this civil

20 rights action pursuant to 42 U.S.C. § 1983.  The matter was

21 referred to a United States Magistrate Judge pursuant to 28

22 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

23      On May 27, 2005, the Magistrate Judge filed Findings and

24 Recommendations herein which were served on the parties and which

25 contained notice to the parties that any objections to the

26 Findings and Recommendations were to be filed within thirty (30)

27 days.  On June 29, 2005, defendants filed a motion to extend

28 time, to and including July 14, 2005. On July 12, 2005, the court

                                    1

1  granted defendants until July 14, 2005 to respond.  On July 14,
2  2005, defendants filed objections to the Magistrate Judge's
3  Findings and Recommendations.

4      In accordance with the provisions of 28 U.S.C.
5  § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a
6  de novo review of this case.  Having carefully reviewed the
7  entire file, the Court finds the Findings and Recommendations to
8  be supported by the record and by proper analysis.

9      In the objections, Defendants contend that the Magistrate
10  Judge erred in finding exhaustion because there is no evidence
11  Plaintiff filed administrative appeals to the third level.  In
12  the Findings and Recommendations, the Magistrate Judge did not
13  make a finding that Plaintiff exhausted his administrative
14  remedies.  Rather, the Magistrate Judge found that by only citing
15  to evidence showing that Plaintiff had not appealed to the third
16  level, Defendants had not met their burden of proof on
17  Defendants' motion.  The court agrees with this finding.

18      In the objections, Defendants contend that Plaintiff could
19  not have been given the relief he sought at lower levels because
20  Plaintiff complains the violations continued to occur long after
21  this action was filed.  Because Defendants' motion regarding
22  exhaustion will be denied without prejudice, Defendants are free
23  to raise additional evidence and arguments concerning exhaustion
24  to the Magistrate Judge.   The court declines to consider any new
25  evidence or arguments concerning exhaustion at this time.  A new
26  theory cannot properly be raised in objections to Findings and
27  Recommendations.  Greenhow v. Secretary of HHS, 863 F.2d 633,
28  638-39 (9th Cir. 1988), *overruled on other grounds by* United

2

1  States v. Hardesty, 977 F.2d 1347 (9th Cir.1992).  Factual

2  assertions which could have been but were not presented to the

3  Magistrate Judge should be given no consideration when the court

4  is deciding whether to adopt Findings and Recommendations

5  Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal.

6  2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL

7  423113, *9 n.9 (C.D.Cal. 1997).  "[A]llowing parties to litigate

8  fully their case before the magistrate and, if unsuccessful, to

9  change their strategy and present a different theory to the

10  district court would frustrate the purpose of the Magistrates

11  Act." Greenhow, 863 F.2d at 638.  Thus, nothing in the objections

12  persuades the court that the Magistrate Judge erred in

13  recommending Defendants' motion to dismiss be denied on the

14  ground that Defendants failed to meet their burden.

15  Defendants also contend the Magistrate Judge erred in

16  failing to recommend the court grant Defendants' motion to "drop"

17  Defendant Andrews.  Rule 21 of the Federal Rules of Civil

18  Procedure provides:

19  Misjoinder of parties is not ground for dismissal of an
    action. Parties may be dropped or added by order of the
20  court on motion of any party or of its own initiative
    at any stage of the action and on such terms as are
21  just. Any claim against a party may be severed and
    proceeded with separately.
22

23  Rule 21 itself sets forth no substantive standards for joinder.

24  Pan Am. Airways v. United States Dist. Ct., 523 F.2d 1073, 1080

25  (9th Cir.1975).  The cases imply that parties are misjoined when

26  they fail to satisfy either of the preconditions for permissive

27  joinder of parties set forth in Rule 20(a).  5 C. Wright and A.

28  Miller § 1683; see also e.g., Michaels Bldg. Co. v. Ameritrust

3

1  Co., 848 F.2d 674 (6th Cir. 1988); <u>Pan Am. Airways</u>, 523 F.2d at

2  1080.  Thus, Rule 21 applies when the claims asserted by or

3  against the joined parties do not arise out of the same

4  transaction or occurrence or do not present some common question

5  of law or fact.  <u>See</u> Fed. R. Civ. Pro. 20(a); <u>Pan Am. Airways</u>,

6  523 F.2d at 1080.

7      A motion under Rule 21 to add, drop, or sever parties is

8  addressed to the discretion of the court.  <u>Coughlin v.</u>

9  <u>Rogers</u>,130 F.3d 1348, 1351 (9th Cir. 1997);  <u>Intercon Research</u>

10  <u>Assocs., Ltd. v. Dresser Indus., Inc.</u>, 696 F.2d 53, 56 (7th

11  Cir.1982); 2 Motions in Federal Court § 6:25 (3d ed.).  The

12  Court of Appeals will affirm the dismissal of a party for

13  misjoinder unless this court is left with a definite and firm

14  conviction that the trial court committed a clear error of

15  judgment.  <u>Letherer v. Alger Group, L.L.C.</u>,  328 F.3d 262, 266

16  (6th Cir. 2003).

17      Analysis of the provisions of Rules 20 and 21 of the Federal

18  Rules of Civil Procedure, and the principles underlying those

19  Rules, persuades the court that the Magistrate Judge's

20  recommendation that the court not drop Defendant Andrews as a

21  Defendant is correct.  Andrews appears to be a party who could be

22  joined under Rule 20 with the permission of the court.  The

23  claims against Andrews are based on his failure to provide

24  certain necessities while Plaintiff was housed in the Security

25  Housing Unit ("SHU").  The claims against the other defendants

26  concern their finding that Plaintiff was a validated gang member,

27  requiring his confinement in the SHU.  These claims are

28  sufficiently related as to avoid Defendant Andrews being dropped

1  from this action.   As explained by the Magistrate Judge, it is

2  plaintiff's validation as a gang member that caused his placement

3  in the SHU, which in turn caused Defendant Andrews to allegedly

4  not give Plaintiff hygiene materials.   In addition, the court

5  has examined other relevant factors and determined that dropping

6  Defendant Andrews is not necessary to comport with the principles

7  of fundamental fairness.  See Desert Empire Bank v. Ins. Co. of

8  North America, 623 F.2d 1371, 1375 (9th Cir.1980).   Defendants

9  have not shown how litigating Plaintiffs' claims in one action

10 results in any prejudice.[1]

11      Accordingly, IT IS HEREBY ORDERED that:

12      1.   The Findings and Recommendations, filed May 27, 2005,

13 are ADOPTED IN FULL;

14      2.   Defendants' motion to dismiss on the basis of

15 exhaustion is DENIED WITHOUT PREJUDICE;

16      3.   Defendants' motion to "drop" Defendant Andrews and the

17 claim against him from this action is DENIED without prejudice to

18 refiling a motion to sever the claim against Defendant Andrews,

19      3.   Defendants SHALL respond to the complaint within **thirty**

20 **(30) days** from the date of service of this order.

21 IT IS SO ORDERED.

22 **Dated:   August 22, 2005              /s/ Anthony W. Ishii**
   0m8i78                         UNITED STATES DISTRICT JUDGE

23

24

25

──────────────

26 [1] To the extent Defendants believe litigating the claims against Defendant Andrews with the remaining claims will result in the jury hearing unnecessary evidence, the court would find the remedy for this potential

27 problem would be to sever Defendant Andrews, not drop him from this action.  At this time, there is no motion to sever before the court.  If Defendants believe litigating the claims in this action in separate proceedings would be beneficial, Defendants are free to file a motion to sever.  Defendants may wish to forgo filing such a motion until the

28 issue of exhaustion concerning Defendant Andrews is resolved.