# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LOUIS PAEZ III,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN CAMBRA, JR., et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 1:02-cv-05561-LJO-NEW (DLB) PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 81) |

　　　Plaintiff Joseph Louis Paez III ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on December 18, 2006, and plaintiff's motion for a thirty-day extension of time to respond was granted by the court on February 21, 2007. Plaintiff failed to file a response, and on June 12, 2007, the court ordered plaintiff to file an opposition to defendants' motion within thirty days. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.

　　　Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v.

1   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
2   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
3   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
4   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
5   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
6   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
7   failure to lack of prosecution and failure to comply with local rules).  In determining whether to
8   dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local
9   rules, the court must consider several factors: (1) the public's interest in expeditious resolution of
10  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
11  the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
12  alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
13  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
14        In the instant case, the court finds that the public's interest in expeditiously resolving this
15  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
16  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
17  injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air
18  West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
19  cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
20  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal
21  satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;
22  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring plaintiff to file
23  an opposition expressly stated:  "Should plaintiff fail to comply with this order, this action will be
24  dismissed with prejudice."  Thus, plaintiff had adequate warning that dismissal would result from
25  his noncompliance with the court's order.
26  ///
27  ///
28  ///

1 | Accordingly, this action is HEREBY DISMISSED, with prejudice, based on plaintiff's failure to obey the court's order of June 12, 2007, and for failure to prosecute.

IT IS SO ORDERED.

**Dated:   July 27, 2007**                          /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE